# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYRA R. WOOD,

      Plaintiff,                  :        Case No. 3:09-cv-343

                                      District Judge Walter Herbert Rice
    -vs-                            Magistrate Judge Michael R. Merz
                              :
CHRISTOPHER EPLEY, Guardian Ad Litem,

      Defendant.

---

### REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

---

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an

1

objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

Plaintiff brings this action to recover $40 million in damages from Defendant Christopher Epley, an attorney at law appointed by the Montgomery County Juvenile Court as guardian ad litem for Plaintiff's daughter. From the attachment to the Complaint, one can see that Mr. Eppley reported to the Juvenile Court a number of unflattering observations about Plaintiff which Plaintiff believes are unlawful and slanderous. She asserts also that they work to deprive her of her constitutional rights, presumably to the free exercise of religion because she complains of Mr. Eppley's comments on her religious expression.

The responsibility of a guardian ad litem is to protect the best interests of the child and to report to the judges of the Juvenile Court his or her observations as they pertain to the court's

judgment on what is in the best interests of the child. As a guardian ad litem, the person is an agent of the Common Pleas Court and the observations he or she makes are in the nature of testimony, albeit not sworn. Witnesses are absolutely immune from liability for their testimony. . *Briscoe v. LaHue,* 460 U.S. 325 (1983). Subsequent cases have expressly extended that immunity to psychiatrists and psychologists performing mental examinations in connection with court cases. *Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984); *Moses v. Parwatikar*, 813 F.2d 891 (8th Cir. 1987). Similarly, a psychologist cannot be held liable under Ohio law for defamatory or fraudulent statements made in a court report or testimony. *Elling v. Graves*, 94 Ohio App. 3d 382 (Lucas Cty. 1994).

Because Mr. Eppley is absolutely immune from money damages for statements made in his reports to the appointing court, this case should be dismissed with prejudice. The Clerk is ordered not to issue process in this case without further order of the Court.

September 9, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).